NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30004 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:16-cr-00063-SMJ-1 |
| ERIC J. PEREZ, AKA Ignacio Valdez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted November 8, 2019
Seattle, Washington

Before:  GOULD and NGUYEN, Circuit Judges, and PRESNELL,** District
Judge.

Defendant Eric Perez appeals from the district court's denial of his motion to

suppress evidence obtained from his Facebook account.  Perez claims that the

evidence was obtained as a result of a preservation request, issued pursuant to 18

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Gregory A. Presnell, United States District Judge for
the Middle District of Florida, sitting by designation.

U.S.C. § 2703(f), which Perez contends violates the Fourth Amendment. The district court did not reach Perez's constitutional claims because it concluded that the evidence did not result from the preservation request at all, but instead resulted from a lawful search warrant. We affirm.

1. Police began to investigate Perez after interviews with a school counselor and several teenage girls revealed that he had initiated inappropriate communications of a sexual nature with a 12-year-old girl through Facebook messages. A day after speaking with these girls, on November 18, 2015, Officer Mark Pannek of the Quincy, Washington police submitted to Facebook a preservation request, pursuant to the Stored Communications Act, 18 U.S.C. § 2703(f), to preserve the data in Perez's Facebook account.[1] The Government did not receive any of Perez's account data at that time. The following evening, November 19, Officer Pannek obtained a valid search warrant for Perez's account and submitted it to Facebook. In response to the warrant, Facebook provided the police with a PDF file of information from Perez's account, containing data from

---

[1] Under Facebook's data policy and terms of service, Facebook may "access, preserve and share information when we have a good faith belief it is necessary to: detect, prevent and address fraud and other illegal activity; to protect ourselves, you and others, including as part of investigations." Similarly, Facebook can retain information "for an extended period of time when it is the subject of a legal request or obligation, governmental investigation, or investigations concerning possible violations of our terms or policies, or otherwise to prevent harm." Facebook users agree to these terms when they use or access Facebook's services, and users agree that they "will not use Facebook to do anything unlawful."

the account spanning from May 31, 2015 up until the evening of November 19, 2015. This file included hundreds of pages of inappropriate sexual communications with six underage girls, including references to past sexual contact and encouragement of prostitution.

Perez was indicted. After the district court denied Perez's motion to suppress, Perez pleaded guilty to Child Sex Trafficking of a Victim Less than Fourteen Years of Age, Attempted Production of Child Pornography and Production of Child Pornography, and Attempted Coercion and Enticement of a Minor to Engage in Criminal Sexual Activity. Perez reserved the right to appeal the district court's order denying the motion to suppress, and he timely appealed.

**2.** We review motions to suppress de novo and the trial court's underlying factual findings for clear error. *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017).

For evidence to be suppressed as a result of a Fourth Amendment violation, the claimed constitutional violation must be a "but-for" cause of the Government obtaining the evidence. *Hudson v. Michigan*, 547 U.S. 586, 592 (2006). A movant generally bears the initial burden of showing that governmental action implicated the Fourth Amendment. *See, e.g.*, *United States v. Kovac*, 795 F.2d 1509, 1510 (9th Cir. 1986). The district court concluded that Perez had not shown that the Government obtained any evidence as a result of the challenged preservation

3

request and, therefore, did not reach the question of the preservation request's constitutionality. We conclude that the district court's factual finding was not clear error.

Perez does not contest the validity of the November 19 search warrant but instead contends that, in response to that warrant, "Facebook provided information from the copy that it had previously made in response to the preservation request." Perez cites nothing in the record to support this conclusory contention, however. Indeed, Perez concedes that "Facebook would have been able to comply with the warrant . . . by making a copy of the information in that account *after* receiving the warrant." But he does not explain why we must hold that it was clear error for the district court to find that that was what happened. In fact, evidence in the record supports that finding. Police did not receive a copy of the account until after the search warrant was submitted and, importantly, that copy contained data up until the end of the day on November 19, 2015—the day the search warrant was submitted to Facebook and the day *after* Facebook approved the preservation request.[2] This timeline contradicts Perez's contention, without citation to the record, that a copy of his account created in response to the preservation request *necessarily* "was the copy . . . that was later provided to law enforcement in

---

[2] According to testimony at the suppression hearing, preservation requests result in "being able to view what was present *at the time of [a] particular preservation*."

response to the warrant."

Perez does not dispute this timeline or offer an alternative timeline that establishes that the data could not have been obtained pursuant to the search warrant alone. And Perez does not claim that the copy provided to law enforcement contained any information that Perez had attempted to modify or delete from his account prior to execution of the warrant, which would tend to show that the copy resulted from the preservation request. The mere fact that a preservation request was made and granted does not in and of itself show that Facebook responded to the Government's subsequent search warrant with data from the preservation request, instead of simply creating a contemporaneous, new copy of the Facebook account at the time of the search warrant.

There was no clear error in the district court's finding that the preservation request was not a "but-for" cause of the challenged evidence being obtained. That is, we are not left with the "definite and firm conviction that a mistake has been committed" by the district court. *United States v. Walter-Eze*, 869 F.3d 891, 912 (9th Cir. 2017) (quoting *Leavitt v. Arave*, 646 F.3d 605, 608 (9th Cir. 2011)). We do not reach the merits of Perez's constitutional claims.

**AFFIRMED.**